## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| **JANICE M. AVINS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| **THOMPSON CONSTRUCTION GROUP** ) | |
| ) | **CASE NO.:** 3:15-cv-02822-MBS-PJG |
| **Defendant.** ) | |
| ) | |

This is an action for damages based on unlawful employment practices and by Defendant Thompson Construction Group (TCG). Plaintiff, Janice M. Avins alleges and states that:

### JURISDICTIONAL ALLEGATIONS

1. TCG operates as a corporation(s) organized and existing under the laws of the State of South Carolina, with its principal office and place of business located in Sumter, South Carolina.

2. TCG has, and continues to conduct business, own property, enter into contracts, and maintain an agent for service of process (Greg A. Thompson at 100 N. Main St., Sumter, within the state of South Carolina.

3. The Plaintiff Avins was at all relevant times a resident of the State of South Carolina and was employed by TCG in the County of Sumter, South Carolina.

4. TCG employed more than 500 to 1100 employees during Avins employment.

5. Plaintiff filed a complaint of discrimination with the EEOC and equivalent state agency on November 18, 2014 and received her EEOC notice of right to sue on June 29, 2015.

6. This matter has been timely filed.

7. The jurisdiction of this court is invoked pursuant to the provisions of the Civil Rights Act of 1964, 42 U.S.C. 2000e through 2000e-17 (as amended), the Family Medical Leave Act 29 U.S.C. 2507 through 2653 ("FMLA"), and the Americans with Disabilities Act (ADA) 42 USCA § 12101 et seq.

8. TCG is a covered employer under Title VII, the ADA and the FMLA.

9. Jurisdiction and venue is proper in the Federal District Court, District of South Carolina, Greenville Division pursuant to 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS

10. Avins is female who began working for Defendants in May 2007. The value of her compensation was $71,000 per year.

11. Avins last title was Human Resources Benefit Coordinator.

12. Avins became the object of unwanted sexual attention from Greg Thompson.

13. From the time period of 2007 through December 5, 2014 Thompson would continually harass Avins on nearly a daily basis subjecting her to unwelcome touching, sexual leering, cornering her in the file room, and comments about her appearance.

14. Greg Thompson regularly came into Plaintiff's work area to make these unwelcome advances.

15. Greg Thompson rubbed Plaintiff's shoulders and, on one occasion, but his finger through a hole in her jeans and touched her bare skin.

16. Greg Thompson asked her to date a co-owner of the Company, Hal Turner and encouraged Hal Turner to solicit Avins to date him. On more than one occasion, Turner asked Avins to come to his house with him. Turner would frequently request Avins to "talk dirty" to him.

17. Turner and Thompson frequently made sexual remarks to the Plaintiff in the confined smoking area, standing in a position that made Avins feel she was in a jail cell and could not escape.

18. At an office party in 2013, Greg Thompson grabbed Avins on the butt in a sexual manner. Avins broke this contact and made it clear it was unwelcome. Thompson had come into Avins work area and rubbed her shoulders, kneeled down and asked her to come to the Christmas party.

19. Greg Thompson is and was the owner and President of TCG and Plaintiff felt she had no recourse through which to make a complaint about his harassment. Avins would have informed her supervisor Janice Poplin of the conduct, however, Poplin made clear she did not like conflict and would do nothing in response. Avins specifically informed Poplin that she was under great stress and Poplin responded that she did not want to, and could not handle such issues.

20. This harassment caused Plaintiff great stress and anxiety and interfered with her ability to work. She sought medical treatment for this anxiety and informed Poplin of this treatment and the effect the anxiety was having on her work.

21. On April 17, 2014, Avins had an anxiety attack and arrived late to work. Shortly thereafter, she informed Poplin of this and requested time off to recover. Poplin refused the request and, that afternoon, Plaintiff noticed that she was locked out of her computer.

22. The following Monday, Poplin called Avins and terminated her employment over the phone and stated that Thompson had reached his limit and it was time to part ways.

## FOR A FIRST CAUSE OF ACTION

**(Discrimination in Violation of Title VII of the Civil Rights Act of 1964)**

23. Avins incorporates by reference each and every allegation above.

24. Defendants discriminated against Avins through the actions of Thompson in sexually harassing her by creating a hostile environment and taking adverse employment action against her because Avins objected to his conduct and because she refused to accede to his demands for a sexual relationship.

25. Defendants discriminated against Avins by basing its decision to terminate her employment at least in part on Avins' opposition to sexual harassment.

## FOR A SECOND CAUSE OF ACTION

### (Family and Medical Leave Act)

26. Avins incorporates by reference each and every allegation above.

27. Avins was entitled to 12 weeks of unpaid leave at the time of her termination under the FMLA

28. Defendant is an "Employer" under 29 U.S.C. 2611(4) (including all subparts) of the FMLA

29. While employed by Defendant in 1998 and 1999, Avins was an "Eligible employee" under 29 U.S.C. 2611(2) (including all subparts) of the FMLA.

30. Avins requested time off for a serious health condition.

31. TCG responded by ignoring her request and immediately terminating her employment.

## FOR A THIRD CAUSE OF ACTION

### (Americans with Disabilities Act)

32. Avins incorporates by reference each and every allegation above.

33. Avins is a qualified individual within the meaning of ADA§ 101(8) (42 USCA § 12111(8)) and other provisions in that he has a disability.

34. Defendant is an "employer" and a "covered entity" under ADA § 101(2), (5)(A) (42 USCA §12111(a)(5)(a)).

35. Prior to her termination, Avins was an employee of Defendant under ADA § 101(4) (42 USCA § 12111(4)).

36. Prior to and at the time of his termination, Avins was qualified for employment.

37. Avins was terminated in violation of the ADA due to his disability and/or request for accommodation.  ADA§ 102(a) ( 42 USCA § 12112(a)).

**WHEREFORE,** Avins prays this Court that she be allowed a recovery or otherwise granted relief against Defendants as follows:

1. The court enjoin defendant's continuing unlawful employment practices;
2. The court grant plaintiff a judgment against defendants, lost wages and damages for emotional harm as damages in this case together with such other relief as the court deems appropriate;
3. Prejudgment and post judgment interest;
4. The court award plaintiff reasonable attorneys' fees; and
5. The court award the plaintiff costs and such other and further relief as appears just and equitable in the circumstances.

Respectfully submitted,

/s/Charles F. Thompson Jr
Charles F. Thompson, Jr. (05969)
Malone, Thompson, Summers & Ott
339 Heyward St.
Columbia, S.C. 29201
803-254-3300

Attorney for the Plaintiff

This the 17th day of July 2015.

6